Case 2:23-cv-00018   Document 17   Filed on 01/05/24 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 05, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ELIAS ALVAREZ, | § | |
| | § | |
| Petitioner, | § | |
| V. | § | CIVIL ACTION NO. 2:23-CV-00018 |
| | § | |
| J.W. COX, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Julie K. Hampton's Memorandum and Recommendation ("M&R"). (D.E. 14). The M&R recommends that the Court:

(1) Grant Respondent's motion for summary judgment, (D.E. 9);

(2) Deny Petitioner's 28 U.S.C. § 2241 petition, (D.E. 1); and

(3) Dismiss this case for failure to exhaust.

(D.E. 14, p. 1, 10). Plaintiff filed written objections to the M&R. (D.E. 16).[1]

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Petitioner objects to the M&R's recommendation that his petition be dismissed for failure

---

[1] Petitioner's objections were due November 21, 2023. *See* (D.E. 14; D.E. 15). Although they were not filed in the Court's docketing system until November 28, 2023, *see* (D.E. 16), a document is deemed timely filed by a pro se inmate when it is delivered to prison authorities for mailing, postage pre-paid, *see Houston v. Lack*, 487 U.S. 266, 276 (1988). Petitioner's objections appear to have been post stamped on November 20, 2023. (D.E. 16, p. 5). As such, Petitioner's objections were timely filed, and the Court must consider them.

to exhaust. (D.E. 16, p. 1–4). In support of his objection, Petitioner largely reiterates arguments he posed prior to the M&R's issuance. *See id.* Additionally, Petitioner argues that based on his educational level and the fact that he is not an attorney, he argued his case to the best of his ability. *See id.* at 4.

As the M&R states, Petitioner's § 2241 petition is barred for failure to exhaust. *See* (D.E. 14, p. 6–10). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Further, the Fifth Circuit has held that "mere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion." *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010) (quoting *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). Exceptions to the exhaustion requirement only apply in extraordinary circumstances—where administrative remedies are "unavailable or wholly inappropriate to the relief sought, or where an attempt to exhaust the remedies would be futile." (D.E. 14, p. 6) (citing *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)).

Here, Petitioner filed the instant petition before the BOP responded to his administrative appeal, and before the deadline for the BOP to respond had passed. *See* (D.E. 14, p. 5) (citing D.E. 1, p. 13). And once the BOP responded, it instructed petitioner to re-file his appeal, rather than denying it on the merits. *See id.* (citing D.E. 10, p. 20; D.E. 9-1, p. 6). As such, the M&R is correct that Petitioner did not properly exhaust his administrative remedies.

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Petitioner's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Petitioner's objections, (D.E. 16), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 14). Accordingly:

(1) Respondent's motion for summary judgment, (D.E. 9) is **GRANTED**;

(2) Petitioner's 28 U.S.C. § 2241 petition, (D.E. 1) is **DENIED**; and

(3) the case is **DISMISSED** for failure to exhaust.

A final judgment will be entered separately.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
January \_\_5, 2024